OPINION OF THE COURT
George A. Murphy, J.
Petitioner State Farm moves, inter alia, to stay this *842 underinsurance arbitration. Respondent cross-moves, inter alia, to compel the arbitration to proceed.
Respondent was involved in an automobile accident on September 26, 1994, with an alleged underinsured motor vehicle. Petitioner argues that respondent failed to comply with a condition precedent of its insurance policy which requires that respondent (1) submit all medical reports to petitioner that will be relied upon at the arbitration, (2) provide authorizations to petitioner, (3) provide proof of claim, (4) submit to a deposition, and (5) submit to a physical examination.
Petitioner argues that this arbitration cannot proceed until respondent complies with this condition precedent.
Respondent states that a certified letter was sent to petitioner on November 10, 1994, and that Lisa Featherstone of petitioner’s office was advised of the underinsurance and no-fault claims in the same letter. The letter sent to State Farm specifically stated: "I have reason to believe that the tortfeasors for this accident have minimum liability insurance, or may in fact have no insurance at all. My investigation also reveals that my client’s injuries far exceed the value of the insurance coverage. The police filed report/blotter is annexed.”
Also included in the November 10, 1994 letter was a completed no-fault application which described the accident, the injury and medical treatment, and a sworn "Notice of Intention to make Claim” which contained similar information.
State Farm, in a letter dated November 30, 1994, acknowledged receipt of respondent’s letter.
"I am in receipt of your letter of 11/10/94 making an under-insured motorist claim under our insured’s policy. Please proved [sic] us with proof of the policy limits of all adverse parties and proof that all applicable limits of liability have been offered. We will also require a notarized affidavit of no excess insurance.
"In order for us to properly evaluate the underinsured motorist claim, please forward, to my attention, the following:
"1) Authorizations for your client’s No-Fault file.
"2) Medical Authorization.
"3) Loss of Earning Authorizations.
"4) An inspection of your client’s vehicle.
"5) Police Report.
"6) Medical bills and reports.
*843 "After receipt of the above, if we deem it necessary to obtain a statement from your client, and/or an independent medical examination, we will contact you.”
The letter detailed the items petitioner needed in order to work on this claim. No request was made for an examination before trial or physical examination. By letter dated February 26, 1996, respondent sent petitioner extensive medical reports. In a letter dated March 10, 1996, State Farm acknowledged respondent’s letter of February 25, 1996. Petitioner stated that in order to entertain respondent’s "VIM Claim, we will need a copy of Eagle Insurance offer letter as an affidavit of no excess”. Finally, counsel for respondent spoke to a representative of State Farm on the telephone on April 12, 1996. No discovery was sought at that time.
The relevant language of the policy in question is as follows: "3. Notice and Proof of Claim: Medical Reports "Within 90 days or as soon as practicable, the insured or other person making claim shall give to the company written notice of claim under his endorsement.
"As soon as practicable after written request by the company, the insured or the person making claim shall give to the company written proof of claim, under oath if required including full particulars of the nature and extent of the injuries, treatment, and other details enteringin to [sic] the determination of the amount payable hereunder. The insured and every other person making claim hereunder shall as ma [sic] reasonably be required submit to examinations under oath by any person named by the company and subscribe the same. Proof of claim shall be made upon forms furnished by the company unless the company hall [sic] have failed to furnish such forms within 15 days after receiving notice of claim.
"The injured person shall submit to physical examinations by physicians selected by the company when and as the company may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of records”.
Insurance Law § 3420 (d) provides as follows: "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any *844 other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.”
The accident occurred on September 26, 1994. The demand for arbitration was received by petitioner on or about May 3, 1996. Discovery in the form of a deposition and physical was not requested until the instant motion was made.
Petitioner was placed on notice of an underinsured motorist claim on November 10, 1994. Apparently, petitioner sat on its rights for more than 18 months. It was not until it received a formal notice of arbitration that it "woke up” and demanded discovery it would be entitled to under the policy.
"11 NYCRR § 216.5 provides, in pertinent part, as follows: 'Every insurer shall establish procedures to commence an investigation of any claim filed by a claimant, or by a claimant’s authorized representative, within 15 business days of receipt of notice of claim. An insurer shall furnish to every claimant, or claimant’s authorized representative, a notification of all items, statements and forms, if any, which the insurer reasonably believes will be required of the claimant within 15 business days of receiving notice of the claim.’ ” (See, State Farm Ins. Co. v Ramirez, NYLJ, June 10, 1993, at 29, col 3, at 30, col 2 [Sup Ct, Nassau County, Alpert, J.].)
Clearly, petitioner failed to establish or follow any set procedures in investigating this uninsured motorist claim. During the entire period after receiving notice of this claim, petitioner demanded minimal discovery. In its letter dated March 6, 1996 petitioner only requested insurance information. It never requested additional discovery. Now, after receipt of the demand for arbitration, petitioner demands discovery and points to its insurance policy. The absence of any explanation for the petitioner’s delay renders its conduct unreasonable as a matter of law. Having failed to issue a timely denial and having failed to offer any explanation for its delay, the petitioner may not skirt the dictates of Insurance Law § 3420 (d) and assert the respondent’s failure to comply with specific policy conditions as a prerequisite to arbitration (Aetna Cas. & Sur. Co. v Aimetti, NYLJ, Nov. 3, 1993, at 25, cols 2-3, [Sup Ct, Nassau County, Lockman, J.]). Given the length of the delay (18 months) coupled with the fact that petitioner is the no- *845 fault carrier, the court finds that petitioner has waived its condition precedent contained in its insurance policy.
Accordingly, the petition is dismissed and the cross motion is granted to the extent that the arbitration shall proceed.